STATE of Maine

v.

JOEY F.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1981.

Decided Jan. 5, 1982.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Vafiades, Brountas & Kominsky, Marvin H. Glazier (orally), Bangor, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

Following a juvenile adjudicatory hearing, the District Court in Newport, sitting as the Juvenile Court, found that the accused juvenile had committed the juvenile offense of rape. The juvenile's appeal to the Superior Court, Penobscot County, was denied. On appeal to the Law Court, the juvenile argues that: 1) certain evidentiary rulings made by the Juvenile Court during both the adjudicatory hearing and the dispositional hearing were in error, and 2) the Juvenile Court judge erred in committing the juvenile, who had reached the age of 18 in the midst of proceedings in Juvenile Court, to the Maine Youth Center. We affirm the judgment below.

■ We must first address the limits of our jurisdiction on this appeal. Though not raised by either party, questions of jurisdiction will be raised by this Court on its own motion. *State v. Fernald*, Me., 381 A.2d 282, 284 n.3 (1978). Appeal to the Law Court of Superior Court decisions on appeal from the Juvenile Court is governed by 15 M.R.S.A. § 3407 (Supp.1981–82). Prior to 1980, appeal to the Law Court from the Superior Court was available on matters described in both 15 M.R.S.A. §§ 3402(1)(A) and (1)(B) which state:

A. An adjudication, provided that no appeal shall be taken until after an order of disposition;

B. An order of disposition, or of any subsequent order modifying disposition, for an abuse of discretion....

Section 3407 was amended by P.L. 1979, c. 681, § 34, however, to allow such appeal only on matters described in subsection (1)(A), *i.e.*, appeal of an *adjudication*. The juvenile contends that the Juvenile Court imposed an unlawful *disposition* upon him, and that the Juvenile Court abused its discretion by permitting into evidence *during the dispositional hearing* testimony that people in the juvenile's home town were afraid of him. Neither of these contentions

relate to the *adjudication* of the juvenile in Juvenile Court. Therefore, these issues cannot be reached by the Law Court on appeal pursuant to 15 M.R.S.A. § 3407.

■ Turning to the remaining issue actually before us, we note that on appeal we review not the Superior Court decision, but instead examine the record before the Juvenile Court and determine directly the propriety of its actions. *State v. Michael Z.*, Me., 427 A.2d 476, 477 (1981).

The prosecutrix testified that on the night of October 31, 1980, she and her 16-month-old daughter were alone in her mother's house. The juvenile arrived at the house, and made sexual advances towards the prosecutrix. She testified that she resisted those advances, and that a struggle ensued lasting over an hour, during which the juvenile struck the prosecutrix several times, threatened her with a knife, and achieved sexual penetration. The juvenile conceded that intercourse occurred, but testified that the prosecutrix consented.

During her testimony, the prosecutrix several times did not answer questions because she was unable to remember. On cross-examination, after being unable to remember a particular detail, the prosecutrix stated:

[Prosecutrix] Like the reason why I'm sit—half—half this time the reason why I'm saying I can't remember—
[Defense counsel] Well, tell us.
[Prosecutrix] —I had an accident a few years ago and I can't remember half the stuff I'm supposed to.

This was the first reference to the accident made by the prosecutrix during her testimony.[1]

On redirect examination, the State inquired about the accident. Over objection, the prosecutrix testified in more detail as to the effects of the accident upon her memory and coordination. Also on redirect examination, the State asked whether the ju-

---

1. In his brief and at oral argument, defense counsel contended that the prosecutrix first referred to the accident as a reference point in determining how long she had been acquainted with the juvenile. Our review of the record shows that defense counsel was mistaken on this point.

venile had ejaculated. Over objection, the court permitted the prosecutrix to testify that she did not believe he did. Later in the proceedings, the juvenile also testified that he did not ejaculate.

 The juvenile argues that the Juvenile Court abused its discretion by permitting the State, on redirect examination, to inquire into those two areas. M.R.Crim.P. 26(b)[2] states in part:

> Any re-examination of a witness shall be limited to matters brought out in the last examination by the adverse party, except by special leave of court.

Whether to permit re-examination on matters beyond those brought out in the last examination by the adverse party is a question to be determined within the sound discretion of the presiding judge. *See State v. Hilton*, Me., 431 A.2d 1296, 1300 (1981).

 Testimony of the prosecutrix's accident and its effect upon her memory was first brought out by defense counsel. Thus, the State could re-examine on that issue. Even assuming that the State's re-examination did exceed the limits of the prior examination, we find no abuse of discretion. The juvenile contends that the testimony about the accident prejudiced him in that the effect of this testimony was to induce the Juvenile Court judge to believe that the prosecutrix was testifying truthfully. While such testimony may indeed have increased the likelihood that the juvenile would be found to have committed the offense, that alone is not indicative of *unfair* prejudice. Prejudice means more than

damage to one's cause. " 'A party's case is always damaged by evidence that the facts are contrary to his contentions; but that cannot be ground for exclusion.' " *State v. Hurd*, Me., 360 A.2d 525, 527 n.5 (1976) *quoting* McCormick, *Handbook of the Law of Evidence* 439 n.31 (2d ed. 1972). To the contrary, the *exclusion* of such evidence might well have been deemed unfair in its prejudice to the public interest in getting at the truth. *See State v. Poland*, Me., 426 A.2d 896, 899 (1981).[3]

 Nor did the Juvenile Court abuse its discretion in permitting the State's inquiry on redirect into ejaculation. The issue was relevant for proving penetration, an element of the juvenile offense of rape.[4] 15 M.R.S.A. § 3103; 17–A M.R.S.A. §§ 251(1)(B), 252(1). The juvenile does not suggest what prejudice resulted from this questioning; we perceive none.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Title 15 M.R.S.A. § 3309 (1980) states that to the extent not inconsistent with the Maine Juvenile Code, procedure in juvenile proceedings shall be in accordance with the Maine District Court Criminal Rules. Maine District Court Criminal Rule 26 states that M.R.Crim.P. 26 governs proceedings in the District Court so far as applicable.

**3.** At oral argument, defense counsel for the first time alleged that he was unfairly surprised by the accident testimony. Defense counsel did not so claim at trial, nor did he request a continuance in order to gather evidence to rebut the testimony. By failing to specifically object on the grounds of unfair surprise where that ground for objection was not apparent

from the context, the defendant has failed to preserve the issue for appellate review. M.R. Evid. 103(a)(1) (Maine Rules of Evidence govern adjudicatory hearings in Juvenile Court. 15 M.R.S.A. § 3310(1) (Supp.1980–81)). Furthermore, unfair surprise alone is not ordinarily a ground for exclusion of evidence. *See* Field and Murray, *Maine Evidence* § 403.1 (1976).

**4.** Expert medical evidence indicated that semen was probably present in the prosecutrix's vagina hours after the rape. Evidence that the juvenile had ejaculated would have corroborated the medical evidence, and strengthened the inference that the juvenile had achieved penetration.