**STATE of Maine**

v.

**Eileen M. GUAY.**

Supreme Judicial Court of Maine.

Argued Sept. 24, 1982.

Decided Oct. 19, 1982.

James M. Bowie (orally), Charles K. Leadbetter, Matthew F. Dyer, Asst. Attys. Gen., Augusta, for plaintiff.

Kettle, Carter, Hannigan & Vickerson, Edward W. Klein (orally), Portland, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

The defendant, Eileen M. Guay, was convicted by jury verdict in the Superior Court (Cumberland County) of two counts of theft

by deception[1] and eight counts of unsworn falsification.[2] With regard to the two counts of theft by deception, she assigns as error failure of the trial justice to instruct the jury on the element of reliance. She further challenges the sufficiency of the evidence supporting each of the ten convictions. We deny the appeal.

In view of the narrow issue presented on appeal an extended discussion of the facts is not required. The record reveals that the defendant obtained Aid to Families with Dependent Children (AFDC) in the total amount of $6,581 during a two year period from May of 1978 to May of 1980. She also received Food Stamps in an amount in excess of $500 during the period from September of 1978 to May of 1980. Both forms of assistance were received by her from the Department of Human Services, an agency of the State of Maine charged with the responsibility of administering each of the two programs. The entire case on appeal may be divided into an AFDC case and a Food Stamp case, with each involving one conviction for theft by deception and four convictions for unsworn falsification.[3] The central issues at trial were whether defendant's husband resided in her home, since that would have rendered her ineligible for AFDC, and whether she had correctly informed the Department of her income as it related to her entitlement to Food Stamps.

The defendant claims that the justice presiding at trial erred in instructing the jury on the two counts of theft by deception. The error claimed is a failure to instruct the jury of the necessity that the evidence establish that the employees of the Department of Human Services had *relied* upon defendant's false statements in granting AFDC benefits and Food Stamp allotments. Relying upon dictum contained in a footnote to *State v. Maier,* Me., 423 A.2d 235, 240 n. 8 (1980) and the pre-code case of *Ellis v. State,* Me., 276 A.2d 438 (1971), the defendant contends that reliance is an essential element of the offense of theft by deception, notwithstanding the absence of that term from the statutory definition.

■ In addressing defendant's challenge to the instructions it is noted that the claim of error is unpreserved in the trial record.

---

1. 17–A M.R.S.A. § 354 (Pamph.1982) in pertinent part states:

    § 354. *Theft by deception*

    1. A person is guilty of theft if he obtains or exercises control over property of another as a result of deception and with an intention to deprive him thereof.

    2. For purposes of this section, deception occurs when a person intentionally:

    A. Creates or reinforces an impression which is false and which that person does not believe to be true, including false impressions as to law, value, knowledge, opinion, intention or other state of mind. Provided, however, that an intention not to perform a promise, or knowledge that a promise will not be performed, shall not be inferred from the fact alone that the promise was not performed;

    B. Fails to correct an impression which is false and which he does not believe to be true, and which:

    (1) He had previously created or reinforced; or which

    (2) He knows to be influencing another whose property is involved and to whom he stands in a fiduciary or confidential relationship;

2. 17–A M.R.S.A. § 453 (Pamph.1982) in pertinent part states:

    § 453. *Unsworn falsification*

    1. A person is guilty of unsworn falsification if:

    B. With the intent to deceive a public servant in the performance of his official duties, he

    (1) makes any written false statement which he does not believe to be true, provided, however, that this subsection does not apply in the case of a written false statement made to a law enforcement officer by a person then in official custody and suspected of having committed a crime, except as provided in paragraph C; or

3. The original indictment in docket number 81–1317 contained ten counts. Subsequently five of those counts were dismissed and the remaining five were renumbered and comprise the AFDC case. Five counts comprising the Food Stamp case were brought by information in docket number 82–274. The resulting ten counts were tried together and are presented upon appeal as though consolidated, notwithstanding the absence of an order of consolidation pursuant to M.R.Crim.P. 13. We will indulge in the same illusion as is apparently shared by all parties, deviating therefrom only to issue separate mandates. Counsel would be well advised to devote more attention to the regularity of the procedure employed.

Since no objection or request for additional instruction was offered at trial, review is limited to a search for obvious errors affecting substantial rights. *State v. Lewisohn,* Me., 379 A.2d 1192, 1206 (1977).

 The jury instructions actually given in this case did not include the word "reliance." The presiding justice read to the jury the language of 17–A M.R.S.A. § 354(1) and then expanded upon that language, referring twice to the necessity that the property be obtained as a result of deception. Assuming, without deciding, that reliance is an essential element, the instructions given are adequate. The instructions conveyed to the jury the requirement of a causal relationship between the act of deception and obtaining the property. The jury was properly instructed that the transfer of property must result from the deceptive act. By requiring that the deceptive act be the causative agent in bringing about the transfer of property, the court's instructions necessarily included the substance of the concept of reliance.

The record contains substantial evidence confirming that the Department reviewed defendant's statements closely and would not have transferred aid to her *but for* her declarations that her husband did not live with her and that she was unemployed. The error, if any, in the court's failure to specifically employ the word "reliance", does not approach the level of obvious error.

Defendant's challenge to the sufficiency of the evidence is lacking in merit as to all charges. Viewing the evidence in the light most favorable to the State, as we must, it is clear that a rational trier of fact could have found the essential elements of each offense beyond a reasonable doubt. *State v. Brown,* Me., 410 A.2d 1033, 1034 n. 1 (1980).

We note that the sentence imposed on Count 1 of docket number 82–274 exceeds by one day the maximum statutory authorization for a Class D offense. 17–A M.R.S.A. § 1252(2)(D) (Pamph.1982). Thus, we remand Count 1 for correction of sentence pursuant to M.R.Crim.P. 35.

The entry is:

Judgments of conviction affirmed.

Count 1 of Docket Number 82–274 is remanded for correction of sentence consistent with the opinion herein.

All concurring.