**1197**

STATE of Maine

v.

**JOSEPH W.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1982.

Decided Oct. 21, 1982.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Nicholas Gess, Asst. Dist. Atty., (orally), Portland, for plaintiff.

Greenberg & Greenberg, Stanley Greenberg (orally), Portland, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

Joseph W. appeals his adjudication of the juvenile crime of burglary. 15 M.R.S.A. § 3103 (1980 & Supp.1981–82) & 17–A M.R.S.A. § 401 (1981). He raises issues concerning the legality of a detention order, the denial of a stay pending completion of a psychological evaluation, and the sufficiency of evidence of intent to support the Juvenile Court's adjudication. We decline to review the detention order and we affirm the adjudication.

We have recently interpreted 15 M.R.S.A. § 3407 (Supp.1981–82) as precluding Law Court review of the disposition in juvenile cases. *State v. Joey F.,* Me., 438 A.2d 1273 (1982). The reasoning of *Joey F.* is equally applicable to the question of Law Court review of an order of detention. An enlargement of the scope of our appellate review would be contrary to Section 3407 and contrary to the need for promptness and finality in juvenile proceedings. *See State v. Ann Marie C.,* Me., 407 A.2d 715, 727 (1979) (Glassman, J., dissenting). We, therefore, do not reach the question of the legality of the detention order.

On the merits of his adjudication, Joseph argues that the Juvenile Court violated 15 M.R.S.A. § 3318 (1980) by refusing to stay the proceedings until receipt of a psychological evaluation previously ordered by the court. His argument is based upon that part of Section 3318 which requires that the Juvenile Court shall suspend the proceedings on the petition and order a psychological evaluation for the purpose of initiating commitment proceedings under 34 M.R.S.A. §§ 2290 and 2333 (1978 & Supp. 1981–82) or 15 M.R.S.A. § 101 (1980 &

Supp.1981–82) when it appears that the juvenile may be mentally ill or incapacitated. In this case, the Juvenile Court found that the order for an evaluation was not for the purpose of determining whether Joseph was mentally ill or incapacitated. Rather, the court determined that the order was issued for the purpose of making a disposition pursuant to 15 M.R.S.A. § 3312(2) (1980). Section 3318, therefore, is not applicable to this case. Even in the absence of a statutory mandate, a stay might be required for the preparation of a defense. Here no stay was required because Joseph W. failed to demonstrate that the dispositional evaluation was necessary for his defense. Finally, we need not decide whether ordering a dispositional evaluation prior to an adjudication would violate Section 3312 absent any showing that the premature order of a dispositional evaluation prejudiced his defense.[1]

Finally, our review of the record discloses sufficient evidence of Joseph's intent to commit theft at the time of his unlawful entry. As we held in *State v. Michael L.*, Me., 441 A.2d 684 (1982), when the evidence establishes that a theft in fact was committed after an unauthorized entry into a structure, the fact-finder is warranted in believing beyond a reasonable doubt in the existence of that intent at the time of entry. We see no reason to distinguish *Michael L.* simply because in this case there may have been presented some evidence of lack of intent. Evaluation of any such evidence is exclusively for the Juvenile Court.

The entry is:

Judgment affirmed.

All concurring.

---

1. We note that the enactment of 15 M.R.S.A. § 3309–A (P.L.1981, ch. 619, § 4) was subsequent to the adjudication in this case. We intimate no opinion as to the impact of Section 3309–A on the issue now before us.