**STATE of Maine**

v.

**Paul E. ATKINSON.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1982.

Decided April 11, 1983.

John R. Atwood, Dist. Atty., Robert B. VanWyck, Asst. Dist. Atty. (orally), Wiscasset, for plaintiff.

Lynch & Seaberg, Guy P. Seaberg (orally), Damariscotta, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

GODFREY, Justice.

Defendant, Paul E. Atkinson, appeals from his convictions of Class C Burglary, 17–A M.R.S.A. § 401 (1983),[1] and Class C Theft, 17–A M.R.S.A. § 353 (1983),[2] after a jury trial in Superior Court, Lincoln County. The defendant contends that the trial justice erred at trial by (1) improperly instructing the jury on the elements of burglary; (2) not giving the jury a requested instruction on the offense of theft by unauthorized use, 17–A M.R.S.A. § 360(1)(A) (1983); (3) not giving a requested cautionary instruction regarding testimony of an immunized accomplice; and (4) permitting the state's expert witness to give his opinion on the value of the property. He also argues that the evidence at trial was insufficient to support either conviction. We affirm the judgments of conviction.

The jury would have been warranted in finding the following facts. Edward Hopping owned a summer home in Dresden, Maine. After spending about a month there during the summer of 1981, he returned to his home in Massachusetts sometime in the middle of August. When he left, he stored his 1946 John Deere tractor in a garage on the premises. Hopping testified that he had recently overhauled the tractor at a cost of $500 and that it was in good working condition.

One day in late August or early September of 1981, Jake Sutter, Richard Mains and defendant went "stump-jumping" (driving through the woods) in Dresden, Maine.

---

1. 17–A M.R.S.A. § 401(1) provides: "A person is guilty of burglary if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein."

2. 17–A M.R.S.A. § 353(1) provides: "A person is guilty of theft if he obtains or exercises unauthorized control over the property of another with intent to deprive him thereof."

Their jeep became stuck in a mudhole and the motor died. The trio temporarily abandoned the jeep and went in search of a vehicle to pull it out of the ditch.

They eventually came upon the Hopping residence. While exploring the premises, they found the tractor in the garage. Because Hopping had taken the battery out of the tractor when he put it in storage, they decided to "pushstart" it on the magneto. Mains and Sutter pushed the tractor out of the garage while defendant steered it. The three succeeded in starting the tractor, and defendant drove it to where the jeep was stuck.

They towed the jeep out of the ditch only to find it would not work. Mains and Sutter left the jeep and hitchhiked to Sutter's father's house. Meanwhile, defendant drove off in the tractor, arriving with it at the Sutters' sometime later. About then it began to rain, and the three men put the tractor under a barn on the Sutter property. Several days later the tractor disappeared from the Sutter premises. Its whereabouts remain unknown.

## I. Intent at the Time of Unlawful Entry

The trial justice instructed the jury on the elements of burglary. Defendant complains about the following instruction regarding the intent with which an unlawful entry is made:

> In respect to the third matter, the third critical element, the State is required to prove beyond a reasonable doubt that Mr. Atkinson intended to deprive, intended to commit theft in respect to the property in the garage.

Thereafter the jury was instructed regarding theft by unauthorized taking or trans-

fer as charged in Count II of the indictment.

■ Defendant claims that the trial justice erred by failing to instruct the jury explicitly that the crime of burglary requires proof that the actor's intent to commit a crime within the unlawfully entered structure must exist at the time of entry. Since defendant neither objected to the instructions actually given nor requested alternative instructions, we review only for obvious error affecting substantial rights. *State v. Guay,* 451 A.2d 631, 633 (Me.1982). Reviewing the instructions in their entirety, we think they made sufficiently clear to the jury that the requisite intent had to exist at the time of the unlawful entry. There was no obvious error affecting defendant's substantial rights.

## II. Unauthorized Use of a Vehicle

After the trial justice completed his instructions to the jury, defendant orally requested an instruction on the offense of theft by unauthorized use of a vehicle, 17–A M.R.S.A. § 360(1)(A) (1983), which provides, in pertinent part, as follows:

1. A person is guilty of theft if:

A. Knowing that he does not have the consent of the owner, he takes, operates or exercises control over a vehicle, or, knowing that a vehicle has been so wrongfully obtained, he rides in such vehicle.[3]

Defendant asserted that he was entitled to such an instruction under 17–A M.R.S.A. § 13–A(1) (1983) as an instruction on a lesser included offense, arguing that there was a rational basis for finding him guilty of that lesser offense.[4] Defendant contends

---

**3.** Unauthorized use of a vehicle is a Class D offense, 17–A M.R.S.A. § 362(4)(A) (1983), regardless of its value.

**4.** 17–A M.R.S.A. § 13–A(1) provides as follows:

1. The court shall not instruct the jury to consider, nor shall the court as fact-finder

consider, a lesser included offense, as defined in subsection 2, unless on the basis of the evidence there is a rational basis for finding the defendant guilty of that lesser included offense. If a rational basis exists, the lesser

that his Class C theft conviction was tainted by the trial justice's refusal to instruct the jury on a lesser included offense because there was a rational basis for finding him guilty of it.

■■■■ Defendant is wrong in his assumption that the crime of theft by unauthorized use of a vehicle, section 360(1)(A), is a lesser included offense of theft by unauthorized taking, section 353(1). It may be true, in the circumstances of this case, that defendant must have "exercised control" over the tractor within the meaning of section 360(1)(A) if he "exercised unauthorized control" over it within the meaning of section 353(1). On the facts here, if he committed the offense actually charged, he must also have committed the lesser offense. However, that does not make the offense a "lesser included offense" as defined by 17–A M.R.S.A. § 13–A(2)(A) (1983).[5] The test for a lesser included offense is not whether, in the circumstances of the particular case, defendant must have committed the lesser offense if he committed the greater. Rather, the test is whether, comparing the legal definitions of the two crimes, one must conclude that the lesser offense is necessarily committed whenever the greater is. 17–A M.R.S.A. § 13–A(2)(A); *State v. Goodall,* 407 A.2d 268, 279 (Me.1979); *State v. Leeman,* 291 A.2d 709 (Me.1972). That test is not met in this case. The statute defining theft with intent to deprive, section 353(1), is not limited to theft of vehicles as is section 360(1)(A). The trial court was correct in not giving an instruction on a lesser included offense.

### III. Testimony of "Immunized" Accomplice

After the trial justice completed his jury charge, which contained a general instruction to scrutinize the credibility of witnesses,[6] defendant orally requested him to instruct the jury further as follows:

The jury must view the testimony of a participant in the crime charged with care and caution, particularly where that participant has received a grant of immunity from prosecution for his or her testimony.

The request was obviously directed at the testimony of Jake Sutter, who admitted to being an active participant in the taking of the tractor. The justice refused to give the requested instruction but said he would "clarify the instruction as to the participant." His clarifying instruction did not expressly single out accomplice testimony for careful evaluation. Rather, he charged that the jury "should carefully scrutinize everyone's testimony in the same manner, carefully scrutinize it, and ultimately determine whether or not it's believable ... you give weight to it because it's believable by carefully scrutinizing it, no matter who offers that testimony ...."

■■■■ The trial justice may decline to give an instruction in the terms requested,

---

included offense shall be considered by the factfinder if requested by either the State or defendant; otherwise, its consideration shall be a matter within the discretion of the court.

**5.** 17–A M.R.S.A. § 13–A(2)(A) provides as follows:

2. [f]or purposes of this section, a lesser included offense is an offense carrying a lesser penalty which:

A. As legally defined, must necessarily be committed when the offense or alternative thereof actually charged, as legally defined, is committed. If the lesser offense is defined in a manner that it may be committed in alternative ways, each alternative which meets the above definition shall be deemed to be a lesser included offense. Facts which are a

basis for sentencing classification of either the crime charged or the lesser crime shall be considered alternatives of those crimes.

**6.** The charge to the jury included the following passage:

You have a right and should consider the demeanor of a witness as he or she testifies before you to determine whether or not what he or she says is believable. You have a right to concern yourself with whether what the person is saying as a witness is colored by any form of bias, prejudice, or by virtue of having an interest in the outcome of the case or whether that witness may be fabricating what he or she is saying to you.

if the jury is otherwise adequately instructed on the point. *State v. Troiano,* 421 A.2d 41, 46 (Me.1980). It would not have been automatic error to refuse outright to give the particular cautionary instruction requested in this case, for Sutter's testimony was not incredible or otherwise unsubstantial on its face and several aspects of his testimony had been corroborated. *State v. Porter,* 404 A.2d 590, 594–95 (Me.1979). Although his testimony about events at the Hopping residence was uncorroborated, other witnesses had corroborated his testimony that defendant had driven the tractor to the Sutter property on the day the crime was committed and that the tractor had then been placed under the Sutter barn.

Defendant's request came after the justice had already given his charge to the jury, including an instruction to scrutinize carefully the credibility of all the witnesses. In the context of the trial it was within the justice's discretion to decide that it was unnecessary to single out Sutter's testimony for special scrutiny, and perhaps undesirable to do so because of undue emphasis. Sutter had openly revealed both that he was a participant in the use of the tractor and that he expected not to be prosecuted. The general admonition to the jury to weigh carefully the testimony of all witnesses was adequate in the circumstances.

### IV. *Value of the Tractor*

Class C theft requires proof that the stolen property has a value more than $1,000 but not more than $5,000. 17–A M.R.S.A. § 362(3)(A) (1983). Defendant argues that the jury could not have found beyond a reasonable doubt that the tractor had a value greater than $1,000.

■ At trial, Eugene Sukeforth, a dealer in tractors, gave his opinion on the value of the stolen tractor over the objection of defense counsel. Defendant contends that Sukeforth was not qualified to give such an opinion. Whether an expert is qualified to testify in the area addressed by his testimony is largely within the discretion of the trial justice. *E.N. Nason, Inc. v. Land-Ho Development Corp.,* 403 A.2d 1173, 1180 (Me.1979). His opinion must be based on sufficient facts to which his specialized knowledge may be applied. *Id.*

■ Sukeforth testified that he had owned a tractor business for eleven years, in which he has dealt mainly with John Deere tractors. He buys, sells, services and repairs tractors. Sukeforth testified that he had bought and sold models similar to the one stolen and that they increased in value as time passed. He further testified that, several years ago, he lost a purchase to a competitor when he offered only $1,500 to buy a similar tractor. Although he could not remember selling a similar model within the past six months, he thought it probable that he had sold or traded one within the last year. His opinion of value was based on two pictures of the tractor, his past business experience with respect to similar tractors, and the assumption that the tractor was in good working condition.[7] The trial justice did not abuse his discretion in permitting Sukeforth, as an expert witness, to give his opinion on the value of the tractor.

■ Under cross-examination, Sukeforth receded from his original opinion of $2,000 as the value of the tractor and asserted an opinion of $1,000–$2,000. That testimony does not compel a reasonable doubt that the value of the tractor exceeded $1,000. Defendant argues that Sukeforth's change of opinion shows that Sukeforth's estimate was based on speculation. There is no merit in that argument. The degree of certainty with which an expert testifies does not affect the admissibility of

---

**7.** M.R.Evid 703 provides that an expert may base his opinion on facts made known to him at the hearing. Testimony at the trial established that the tractor was in good working condition at the time of the theft.

his opinion; it may affect the weight to be accorded his testimony. *State v. Anderson,* 434 A.2d 6, 9 (Me.1981).

### V. *Sufficiency of the Evidence*

 The evidence sufficed to support the conviction of defendant for burglary. Examining the evidence of record in the light most favorable to the state, this Court cannot say that no trier of fact could rationally find proof of guilt beyond a reasonable doubt. *State v. Joy,* 452 A.2d 408, 412 (Me.1982); *State v. Flick,* 425 A.2d 167, 169 (Me.1981).

The jury would have been warranted on the evidence in finding that defendant entered the garage knowing he was not licensed to do so. The critical issue is whether the jury could have found beyond a reasonable doubt that he had the requisite intent to commit the crime of theft by unauthorized taking, section 353(1), at the time of entry. His claim is that at the time of entering the garage he took the tractor intending only to use it to tow the jeep. In support of that claim he points to Jake Sutter's testimony that Sutter intended to use the tractor for towing purposes and then return it. Defendant argues that the jury had to infer that that was his intent at the time of entry because the trio did tow the jeep. Although the mere unauthorized use of the tractor may have been a crime in itself, the jury was never instructed on that offense; therefore, defendant says, the jury could not find him guilty of burglary as charged.

 The flaw in defendant's argument is that there was nothing to prevent the jury from finding he had the intent, when he entered the garage, not merely to use the tractor but to take it and deprive the owner of it. If evidence establishes that after defendant made an unauthorized entry into a structure he stole property therein, a jury is permitted to infer that he had the intent to commit the theft at the time of entry. *State v. Joseph W.,* 451 A.2d 1197 (Me.1982); *State v. Michael L.,* 441 A.2d 684 (Me.1982). The jury could have found beyond a reasonable doubt that defendant committed the theft of the tractor by unauthorized taking, section 353(1). Accordingly, the jury could have found beyond a reasonable doubt that he intended to commit the crime when he entered.

Sutter's testimony that he intended to take the tractor only to tow the jeep does not compel us to conclude that a rational juror must have had a reasonable doubt as to the existence of the requisite intent on the part of defendant. The jury could have disbelieved that part of Sutter's testimony or could have believed the testimony but decided that defendant did not have the same intent as Sutter at the time of entry.

The entry is:

Judgment affirmed.

All concur.