1997 ME 89

**STATE of Maine**

v.

**Chester GARRISON.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 25, 1997.

Decided May 1, 1997.

Stephanie Anderson, District Attorney, Julia Sheridan, Deborah Pope, Asst. Dist. Attys., Portland, for State.

Robert S. Raymond, Brunswick, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and RUDMAN, JJ.

RUDMAN, Justice.

[¶ 1] Chester Garrison appeals from the judgments entered in the Superior Court (Cumberland County, Fritzsche, J.) following jury verdicts of guilty on two counts of gross sexual assault, 17–A M.R.S.A. § 253 (Supp. 1996), and one count of unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1996). He contends that the court erred in refusing to

give his proposed jury instruction on the issue of consent as a defense.[1]

 [¶ 2] Lack of consent is an element of both the crimes that Garrison was charged with violating.[2] The court had already instructed the jury that to find Garrison guilty of the crimes charged in the indictment, it had to find beyond a reasonable doubt that the victim had not consented to the conduct charged. Instructing the jurors to consider again the issue of consent would have been unnecessarily duplicative. The court properly rejected Garrison's proposed jury instruction concerning the issue on which the court had already adequately instructed the jury. *State v. Atkinson*, 458 A.2d 1200, 1203–04 (Me.1983).

The entry is:

Judgments affirmed.

---

1. 17–A M.R.S.A. § 109 (1983) states, in pertinent part:

    1. It is a defense that, when a defendant engages in conduct which would otherwise constitute a crime against the person of property of another, such other consented to the conduct and an element of the crime is negated as a result of such consent
    ....
    3. Consent is not a defense within the meaning of this section if:
       ...
       B. It is given by a person who, by reason of intoxication, mental illness or defect, or youth, is manifestly unable, or known by the defendant to be unable, to make a reasonable judg-

ment as to the nature or harmfulness of the conduct charged to constitute the crime....

2. For the charge of gross sexual misconduct, the jury had to find beyond a reasonable doubt that Garrison "engage[d] in ... a sexual act" with the victim, and the victim was "unconscious or otherwise incapable of resisting and ha[d] not consented to such sexual ... act." 17–A M.R.S.A. § 253(2)(D) (1983).

    For the charge of unlawful sexual contact, the jury had to find beyond a reasonable doubt that Garrison "intentionally subject[ed]" the victim to "any sexual contact, and ...[t]he other person is unconscious or otherwise physically incapable of resisting, and has not consented to the sexual contact...." 17–A M.R.S.A. § 255(1)(B) (1983).