Cheshire,
No. 4954.

STATE *v.* ARTHUR E. PICKARD, JR.

Argued November 7, 1961.

Decided January 29, 1962.

*William J. O'Neil,* Assistant Attorney General and *Arthur Olson, Jr.,* county attorney (*Mr. O'Neil* orally), for the State.

*William D. Tribble* and *David J. KillKelley* (*Mr. Tribble* orally), for the defendant.

WHEELER, J. The principal contention of the defendant is that the defendant's confession is the only evidence of the commission of the crime charged and standing alone it is not sufficient proof of the corpus delicti, and that the alleged confession should not have been admitted until the State offered some corroborating evidence that a crime had been committed.

Shortly after 10:30 P. M. on the night of March 10, 1960, the defendant's wife left for work, leaving him and their daughter Shiela alone together in the house. She returned home at about 7:00 the next morning and retired to get some sleep. Around 10:30 A. M. she went into Shiela's room and had a conversation with her concerning her father, the substance of which was, "He fooled around with me." As a result of this conversation, Mrs. Pickard complained to the chief of police.

It appeared that her husband had been drinking beer the previous evening before she left for work, and the following morning an argument ensued between them because he wanted some money for more beer, which she refused. He took some money from her wallet and bought ten more "king size" bottles of beer. On cross-examination Mrs. Pickard testified that because of this incident she became angry and "I turned around and got him on this charge."

Pursuant to Mrs. Pickard's complaint to the chief of police, the defendant was arrested and taken to the police station where in the presence of the chief of police and two state troopers he "answered right away." He signed a typewritten statement in which, in substance, he stated that after his wife left for work before 11:00 P. M. his daughter came into the room and sat down on the couch and he "started to fool around with her privates." He said that he told her to go into the bedroom where he attempted to have sexual intercourse but did not succeed; that he got some vaseline and put it on her "privates" and on his own and tried again and penetrated her vulva to about a quarter of an inch and becoming ashamed, withdrew and told her to go to bed.

At the request of the chief of police, Shiela was taken to a physician who examined her genitalia. No bruises or abrasions were observed, and the doctor testified he would not expect to find any if penetration was not more than one-half inch.

As a result of her husband's conduct, Mrs. Pickard instituted an action for divorce alleging such treatment as seriously to injure health in that, among other things, he cruelly treated the children, including the charge of incest. Prior to the criminal trial, she wrote a letter to the county attorney in which she said she wanted the charges dropped against her husband because she wanted to withdraw her divorce proceedings and live with him again. The divorce action was still pending at the time of the trial.

The defendant contends that the alleged confession should not

have been admitted until the State offered some evidence that a crime had been committed. This contention requires little consideration since Mrs. Pickard, on cross-examination, testified that Shiela told her, among other things regarding her father, that "He fooled around with me." This was some evidence which tended to establish a material element of the crime charged.

It is not required that supporting evidence be considered independently of an extrajudicial confession in order to establish the corpus delicti. If a confession is corroborated by independent evidence which tends to prove some material element of the crime charged, it is sufficient to support a conviction. *State* v. *Douglas*, 102 N. H. 525; see Annot. 45 A.L.R. 2d 1316. The proper procedure in the order of proof depends upon the circumstances of the particular case and is within the sole jurisdiction of the Trial Court to determine. 23 C.J.S., Criminal Law, *s.* 839(b).

The defendant further contends that the conviction cannot be sustained since it was not corroborated by independent evidence. While the numerical weight of authority supports this contention (23 C. J. S., Criminal Law, *s.* 839 (c)), there is respectable modern authority for "eliminating quantitative tests of the sufficiency of evidence." *Commonwealth* v. *Kimball*, 321 Mass. 290, 293; *Commonwealth* v. *DiStasio*, 294 Mass. 273; *Commonwealth* v. *Gale*, 317 Mass. 274. Without again reviewing the evidence, it is sufficient to say that there was independent evidence of the commission of the offense charged which, supplemented by the defendant's confession, was evidence from which the jury could find the defendant guilty.

Other exceptions to the Court's rulings on certain evidentiary questions have not been briefed or argued but have been considered, and in these we find no error.

*Exceptions overruled.*

All concurred.