STATE of Maine

v.

Harold SHEEHAN.

Supreme Judicial Court of Maine.

May 5, 1975.

Charles K. Leadbetter, Asst. Atty. Gen., Augusta, for plaintiff.

Collins & Crandall, P. A. by Wayne R. Crandall, Rockland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

A Knox County grand jury returned an indictment charging the Defendant with criminal responsibility for a fire which had occurred within the walls of the Maine State Prison in which the Defendant was then incarcerated. Prison officials testified as to the circumstances of their discovery of the fire and as to its location and the nature of the area burned. The jury also heard the officers' testimony that they questioned the Defendant after the fire had been extinguished and that he admitted having been the person who had set the fire. After jury trial he was found guilty of arson, second degree.[1] His appeal presents two claimed errors appropriate for our discussion. One of them requires us to sustain his appeal.

[1]. 17 M.R.S.A. § 162.

*The Sufficiency of Proof of the Corpus Delicti*

█ The Defendant now insists that the proof of the corpus delicti was insufficient to justify the jury's receiving evidence that the Defendant had admitted that he started the fire. Since the Defendant made no objection to the admission into evidence of his confession on the basis of the State's failure to prove the corpus delicti and thus raises the issue for the first time here on appeal, we consider only whether there was error of such a prejudicial effect as to constitute manifest error. State v. McKeough, Me., 300 A.2d 755 (1973); M.R. Crim.P., Rules 51 and 52; Glassman, Maine Practice § 51.2.

█ In order to establish the corpus delicti, the State must adduce

"credible evidence which, if believed, would create in the mind of a reasonable man, not a mere surmise or suspicion, but . . . a really substantial belief . . ."

that someone had committed the crime of arson. State v. Grant, 284 A.2d 674, 676 (1971). *See also* State v. Atkinson, Me., 325 A.2d 44 (1974); State v. Levesque, 146 Me. 351, 81 A.2d 665 (1951). In the present case, the record shows that prior to the admission of the Defendant's confession, enough evidence to create such a substantial belief had been presented: at 11:20 a. m. prison officials had discovered a fire emanating from a hole in the ceiling in the doorless workshop latrine near the wall which separated the latrine from the locked stockroom; the hole appeared to have been created by the removal of a section of ceiling tile; on entering the stockroom, the officers found that above this ceiling hole was an overhead area of the stockroom from the floor of which two boards had been "knocked out"; crumpled, tightly packed newspapers were packed into the space between the two holes for no apparent non-criminal purpose; the paper was burning in the space between the latrine ceiling and the stockroom storage area floor, as were floorboards of the storage area around the hole; some of the burning paper had fallen over into a box of novelties which the prisoners had manufactured and stored there and these, too, were afire; the hole had not been seen by prison officials prior to discovery of the fire; there were no electrical wires in the hole or in its area.

█ A reading of this evidence adduced in testimony prior to admission of the Defendant's confession leaves no doubt that there was adequate proof of the corpus delicti prior to and independent of admission of the confession.[2]

*The Voluntariness of the Confession*

█ A prison official testified that he and another officer interviewed the Defendant in the segregation unit shortly after the fire and that he read to the Defendant from a printed form an explanation of the Defendant's rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). He said he then handed the Defendant the form to read and that the Defendant said that he understood the explanation and that the Defendant signed his name to the form.

At this point the Justice, somewhat belatedly, excused the jury and, in the jury's absence, proceeded to conduct the independent evidentiary hearing pertaining to the voluntariness of the confession and compliance with the *Miranda* doctrine which we held to be mandatory in State v. Collins, Me., 297 A.2d 620, 636 (1972).

In the jury's absence the officer continued to describe the circumstances under which the officers interrogated the Defendant and the Defendant's apparent capacity to understand the rights explained to him. Appended to the explanation of

2. Of course, in so holding we do not mean to suggest that failure to rule that the corpus delicti had not been established was error at all.

the *Miranda* rights was a printed statement to the effect that the recipient of the "warning" understands the rights explained and chooses to waive them. The officer testified that the Defendant had apparently understood the printed explanation and had signed it. The Justice examined the document and remarked that it was the "strongest thing in the case". The Defendant's attorney stated that he did not wish to question the officer further. The County Attorney said he had no further questions on re-direct. The following then transpired:

"THE COURT: Now, call back the jury—

MR. HARDING: Just a moment, your Honor. My client has indicated to me that he signed the statement marked State's Exhibit 1 believing at the time he signed it that he was claiming the rights that are set forth in the statement, and for the purpose of the record, I would like to put him on the stand to testify to that for whatever it is worth.

THE COURT: You are protected on the record. You have your objection, your objection is noted. We will proceed. Bring in the jury."

It appears clear that the Justice's misconception of the situation effectively denied the Defendant the right to offer testimony bearing upon the voluntariness of his confession. The error was preserved by counsel and requires reversal of the conviction.

The entry must be:

Appeal sustained.

Remanded to Superior Court for re-trial.