**Percy HALL, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–194.**

Court of Criminal Appeals of Oklahoma.

July 18, 1975.

1114

John W. Dewitt, Idabel, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David O'Brien, Legal Intern, for appellee.

## OPINION

BLISS, Judge.

The appellant, Percy Hall, Jr., hereinafter referred to as defendant, was charged, tried before a jury in a two-stage proceeding and convicted in the District Court of McCurtain County of the crime of Burglary in the Second Degree After Former Conviction of a Felony. Punishment was assessed at a term of ten (10) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in conformance with the verdict, the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Ed Frazier, the owner of the Black Hat Club located west of Idabel, testified that he closed the club about 2:30 a. m. on Sunday the 23rd day of September, 1974, and did not return until the next Tuesday afternoon when he found that there had been a break-in and money taken from the vending machines and cash register. A guitar and a collection of small change were also missing. He did not know the defendant and had not given the defendant permission to enter the building.

Sandra Hankins then testified that she was employed at the club and worked on Saturday night and helped close. She opened up the club on Tuesday afternoon and discovered that the paneling by the back door had been kicked-in and money trays removed from the vending machines and pool table and money gone from both cash registers. She further testified that a dress which she had left at the club on Saturday night was missing and that she next saw it in the Sheriff's office.

McCurtain County Undersheriff G. D. Roath testified that during the investigation of the break-in he interviewed the defendant in Clarksville, Texas, and later in Idabel and that prior to any interrogation of the defendant he had advised him of his Miranda rights. At this point the trial court conducted a hearing outside the presence of the jury concerning the admission of the defendant's purported confession. Roath testified that he took the defendant to the District Attorney's office and that the defendant was again read the Miranda warning. The defendant was asked specifically if he understood each of the rights and he replied that he knew "all about that kind of stuff" and agreed to talk to them. The jury was then recalled and Roath further testified that the defendant stated that he and another had broken into the building and took the money trays from the machines, some money from under the counter and a guitar, and that they later threw the money trays and other items into an empty field. All items were subsequently recovered, including a dress used to carry the trays. All recovered items, including the dress and guitar, were introduced into evidence. On cross-examination the witness stated that he had been told where the items had been thrown by someone other than the defendant and denied that he had threatened to lock up the defendant's wife if the defendant did not make a statement. The State then rested.

The defendant then called Vera Hall who testified that she was the defendant's wife and that on the night in question she was with her husband at all times and that they had not gone to the Black Hat Club. She further stated that she was with the defendant when he was transported from Clarksville to Idabel and that Roath had told the defendant if he didn't admit that he had something to do with the break-in that she would be locked up.

The defendant then took the stand to testify in his own behalf stating that he had no part in the burglary, that he had been with his wife at the time the burglary had allegedly been committed and that Officer Roath had threatened to lock his wife up if he did not make a statement implicating himself in the burglary. He further testified that he had four felony convictions. On cross-examination defendant, over objection of defense counsel, stated that one of the prior convictions was for grand larceny and the other three were for

burglary. He further stated that he did not remember making statements to the District Attorney, but that he had been threatened. The defense then rested.

On rebuttal the State then called Nobel Surrage, Deputy Sheriff of McCurtain County, who testified that he was with the defendant, Vera Hall and Officer Roath on the way back from Clarksville and that he heard no threats.

The defendant's first proposition in error urges that the trial court erred when it admitted into evidence oral admissions by the defendant following the break-in for the reason that the defendant did not voluntarily, knowingly and intelligently waive his right against self-incrimination. The evidence presented to the trial court in an evidentiary hearing shows that the defendant was read the Miranda rights and that he stated that he understood same. The defendant did not, however, expressly waive his rights.

In the recent case of *Shirey v. State,* Okl.Cr., 520 P.2d 701, this Court held that an intelligent and knowledgeable waiver of a defendant's Miranda rights may be shown if the defendant expressly states that he understands those rights and subsequent thereto enters into a voluntary conversation with law enforcement officers.

■ In the instant case the defendant expressed his understanding of his rights and made a statement to the officers. The question remains whether he voluntarily made the statement. During the evidentiary hearing, no evidence was introduced by the defendant concerning any threats. The trial court was certainly justified in holding that the defendant had been adequately advised of his rights and his statement was voluntarily made. We will not disturb the trial court's finding. *Rhyne v. State,* Okl. Cr., 514 P.2d 407. Testimony concerning the confession was then admitted into evidence and the issue of voluntariness was submitted to the jury by adequate instruction. There is sufficient evidence in the record to support the apparent finding of the jury that the confession was voluntary.

■ The defendant further contends that the confession should not have been admitted into evidence for the reason that the defendant was of a young age and there was an absence of a parent, guardian or counsel, citing *Story v. State,* Okl.Cr., 452 P.2d 822, which held that confessions of 17 and 18 year olds are inadmissible unless made in the presence of a parent, guardian or counsel. We cannot agree. The evidence reflects that the defendant in the instant case was a 21 year old married adult. It will not be presumed that he was unable to make an intelligent waiver of his rights.

■ Defendant's next proposition urges that the trial court erred in allowing the prosecuting attorney to cross-examine the defendant with reference to his prior felony convictions in the first stage of the proceeding. The record shows that the defendant took the stand to testify in his own behalf and admitted that he had been convicted of four felonies. On cross-examination the prosecuting attorney sought only to determine the nature of each crime. He did not go into any detail. In *Little v. State,* 79 Okl.Cr. 285, 154 P.2d 772, this Court held that a prosecuting attorney may inquire as to prior felony convictions, but only for the purpose of attacking the credibility of the witness. The Court further held that the trial court should be extremely cautious in its limitation of the cross-examination, holding that the conviction, the name of the court in which the conviction occurred, the nature of the crime and the date are all pertinent factors, but that details of the crime involve extraneous matters which would tend to prejudice the rights of a defendant. See also *Brown v. State,* Okl.Cr., 496 P.2d 395. In the instant case the prosecutor was "extremely cautious" and inquired only as to the nature of the crimes. Therefore, defendant's second proposition in error is without merit.

■ Defendnt's next proposition contends that the trial court erred in permitting the prosecuting attorney to cross-ex-

amine Vera Hall concerning whether she was, in fact, married to the defendant. We do not agree. The State has a right to test the credibility of a witness by proper cross-examination and the questions complained of were certainly proper, since the record reflects that the witness had signed a consent to search form under the name of Vera Riggs.

 The defendant next maintains that the oral confession was not corroborated and therefore the evidence was insufficient to warrant a conviction. Again, we disagree. The general rule is that in every criminal prosecution the burden rests on the State to prove the corpus delicti beyond a reasonable doubt. This must be proven by evidence other than a confession, the confession being admissible merely for the purpose of connecting the accused with the offense charged. See *Billey v. State,* Okl.Cr., 381 P.2d 160. However, in the instant case there was overwhelming independent proof that a crime had, in fact, been committed and the stolen property was found where it had reportedly been thrown. See also *Leeks v. State,* 95 Okl.Cr. 326, 245 P.2d 764. The confession was properly corroborated.

 The defendant's last proposition in error argues that the trial court erred in admitting into evidence certified copies of the judgment and sentences arising out of prior convictions since they did not show that the defendant had been properly represented by counsel. The record reveals that each judgment and sentence recites that defendant was represented by a named defense attorney. It will not be presumed that the named defense attorney appeared only as a formality for sentencing purposes and did not represent, defend, advise and counsel defendant. The record further shows that the Attorney General has timely filed a Motion to Supplement the Record with certified copies of the relevant criminal appearance dockets attached which reflect that the defendant

was, in fact, represented by an attorney as to each prior conviction. See *Chester v. State,* Okl.Cr., 485 P.2d 1065 and *Holt v. State,* Okl.Cr., 489 P.2d 504.

Therefore, for all the reasons set out above it is the opinion of this Court that the defendant received a fair and impartial trial before a jury, that no substantial right was denied the defendant and that the judgment and sentence appealed from should be, and the same is hereby *affirmed.*

BRETT, P. J., and BUSSEY, J., concur.