STATE of Maine

v.

Walter E. DAVIS, Jr.

Supreme Judicial Court of Maine.

June 10, 1977.

Peter J. Goranites, Asst. Atty. Gen., Augusta, for plaintiff.

Paul W. McElhinney, Sanford, David L. Brooks, North Berwick, Gerald C. Nason, Biddeford, for defendant.

\* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

Before DUFRESNE, C. J., and WEATHERBEE,\* POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

A York County jury, after a trial, has declared that beyond a reasonable doubt Walter E. Davis, Jr., killed Troy Belanger under such circumstances as to make such killing punishable as murder. Former 17 M.R.S.A. § 2651. He now appeals,[1] claiming as error that certain admissions against his interest and/or confessions were admitted into evidence at a time when the corpus delicti had not been established.

Maine has long adhered to the doctrine that a defendant's confession alone is not sufficient proof of the commission of a crime. It follows, then, if a conviction is to be justified, there must be proof independent of a confession that a crime was committed. *State v. Levesque,* 146 Me. 351, 81 A.2d 665 (1951). So also is this the law in a majority of the jurisdictions in this country. 103 Pa.L.Rev. 638, 641. The underlying reason for the doctrine rests in the desire to safeguard against the possibility of a confession for an alleged crime not in fact committed. *State v. Hoffses,* 147 Me. 221, 224, 85 A.2d 919, 921 (1952).

In *State v. Hoffses,* supra, the case was decided on appeal from the denial of a motion for a new trial. It is apparent that the issue as to the sufficiency of the evidence of the corpus delicti, independently of confession, can be saved in any manner provided by the rules of criminal procedure for challenging the sufficiency of the evidence to justify a conviction. Extra-judicial confessions are competent evidence to corroborate other proof of the corpus delicti. *State v. Hoffses,* supra. Furthermore, as we said in *State v. Kelley,* Me., 308 A.2d 877, 886 (1973), inculpatory statements "can combine with the foundational evidence of corpus delicti, even if it be only of the minimum cogency requisite to establish the evidentiary admissibility of

1. Appellant's counsel on appeal was not the counsel at trial.

defendant's statements, to yield, by mutual corroboration, an intensified evidentiary cogency constituting the proof beyond a reasonable doubt necessary for conviction."

In the case now before us, no claim is made that the evidence, at the conclusion of all the testimony, independently of the confessions, was not adequate proof of the corpus delicti. All that is claimed is that trial error resulted when a confession allegedly made by the appellant to the victim's former wife was admitted into evidence at a time when the corpus delicti had not been established by such credible evidence as would create a really substantial belief that the crime charged had been committed by someone.[2]

The record reveals that after certain witnesses had testified with respect to the conditions existing at the scene of the alleged crime and a pathologist had testified as to the cause of decedent's death, the victim's former wife was allowed to testify, without objection being made on behalf of appellant, that shortly after the killing the appellant called her on the telephone and confessed that he was the killer of her former husband, Troy Belanger. At that time, she said, he gave details as to how and why he had done so. Also received in evidence without objection was considerable testimony concerning antecedent threats made by appellant.

■ Under all the circumstances reflected in the record, we must treat the points on appeal now urged upon us as alleged error not properly saved. We will review the case only to determine whether or not the admission into evidence of the confession made to Mrs. Belanger was "obvious error[s] or defect[s] affecting substantial rights." Rule 52(b), M.R.Crim.P.

We conclude the corpus delicti of the crime of unlawful homicide punishable as

murder had been adequately established prior to the receipt into evidence of the confession made to Mrs. Belanger. It was therefore not error to allow the confession into evidence.

■ It is now well-established law in Maine that the corpus delicti of the crime of unlawful homicide punishable as murder consists of:

(1) evidence creating a substantial belief that the identity of the deceased is the person named in the indictment as the victim;

(2) evidence creating a substantial belief that the crime charged had been committed by someone,

State v. Wardwell, 158 Me. 307, 183 A.2d 896 (1962). See also State v. Grant, supra; State v. Lund, Me., 266 A.2d 869 (1970).

At the time the confession made to Mrs. Belanger was received in evidence without objection, the state had clearly established that the deceased was Troy Belanger who was the same person named in the indictment as the victim of the unlawful homicide. There was evidence from the pathologist who examined the body post mortem that Belanger had died as the result of a blow on the *back* of the head. There was also evidence which would induce a substantial belief that the killing occurred at a place other than where the body was found; that Belanger's automobile had been taken from the scene; and that the body had been stabbed numerous times post mortem. Clearly, then, self-destruction was negated, and there was evidence inducing a substantial belief that the agency causing death was criminal, i. e., the blow was on the *back* of the head and there were stab wounds inflicted post mortem.

Prior to the time Mrs. Belanger testified, a witness had testified to antecedent threats on the life of the victim Belanger

---

2. In *State v. Grant,* Me., 284 A.2d 674, 675 (1971), it was said that the rule that corpus delicti must be established by evidence sufficient to create a really substantial belief that the crime charged has actually been committed by someone *before* a confession may be received in evidence, was "the better practice, a practice which was adopted as a rule of evidence in *State v. McPhee* (1955) 151 Me. 62, 65, 115 A.2d 498, 499." Later in the opinion this rule as to order of proof was described as "a procedural requirement." That this is the "proper practice" was later acknowledged in *State v. Kelley,* Me., 308 A.2d 877, n. 4 (1973).

by appellant made the day before the killing while the witness, the appellant, and a third party were lying in wait for Belanger outside Mrs. Belanger's apartment.

Under all the circumstances, prior to the admission of the confession, the state had presented evidence which would induce a reasonable belief that Troy Belanger's death was an unlawful homicide committed by a criminal agency and that it was a *planned, deliberate killing.* Since the testimony relating to prior antecedent threats, which was in evidence at the time the confession was admitted, was sufficient to induce a substantial belief that the killer had "the actual specific subjective intention that his act should cause the death of another human being," nothing further was necessary. *State v. Lafferty,* Me., 309 A.2d 647, 669–70 (1973) (Wernick, J., concurring).[3]

It was therefore not error to admit the confession into evidence.

The entry must be:

Appeal denied.

All Justices concurring.

DELAHANTY, J., did not sit.

**3.** For this reason, we find it unnecessary to decide whether, with reference to a single offense legislatively classified into different degrees or grades for the purpose of punishment, those factors which delineate the grade of the offense as charged in the indictment as well as the essential elements of the offense must be included as part of the corpus delicti. *See Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *State v. Kelley,* supra at 880, n. 5.