STATE of Maine

v.

ROY E. S.

Supreme Judicial Court of Maine.

Argued Nov. 16, 1981.

Decided Feb. 2, 1982.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), R. Christopher Almy, Asst. Dist. Attys., Bangor, for plaintiff.

Paine & Lynch, Martha J. Harris, Bangor, for defendant.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

On January 6, 1981, the District Court (Bangor), sitting as the Juvenile Court, found Roy E. S. guilty of arson, 17–A M.R. S.A. § 802(1)(A) (Supp.1980) and committed him to the Maine Youth Center for an indeterminate period to end not later than on his twenty-first birthday. The juvenile appealed to the Superior Court (Penobscot County), pursuant to 15 M.R.S.A. § 3402 (1980). The Superior Court denied his appeal, finding that (1) the dispositional order of the Juvenile Court was authorized by 15 M.R. S.A. § 3314; (2) the entry of this dispositional order was not an abuse of discretion; (3) the State adequately proved the corpus delicti of the juvenile crime of arson before introducing the juvenile's inculpatory statements; (4) the evidence was sufficient to support the conviction; (5) admission of the expert testimony of State Fire Marshal William McPeck was not an abuse of discretion; (6) exclusion of identification evidence as a sanction available under M.R.Crim.P. 16(d) was not an abuse of discretion. The

juvenile appeals from the Superior Court decision.

We affirm the judgment.

■ Our Court on appeal does not have jurisdiction to consider the propriety of the dispositional order of the Juvenile Court. The Superior Court's conclusion that the Juvenile Court did not abuse its discretion in committing the juvenile to the Maine Youth Center is final. 15 M.R.S.A. § 3407(2)(A) (Supp.1981–82) is the statute governing appeals to the Law Court from decisions of the Superior Court after an appeal there from the Juvenile Court; under that statute only Superior Court decisions concerning the Juvenile Court adjudication may be appealed to the Law Court.[1] Contrary to the broader scope of our prior jurisdiction to review Superior Court decisions in juvenile matters, the 1980 amendment to 15 M.R.S.A. § 3407(2)(A) restricted our review to decisions of the Superior Court on appeal from the Juvenile Court concerning the Juvenile Court adjudication.

■ In reviewing the merits of the juvenile's remaining arguments, we attach no presumptive validity to the Superior Court order. We must independently review the record. The Superior Court, functioning below as an intermediate appellate court, was in no better position than we to determine whether the Juvenile Court erred. See State v. Michael Z., Me., 427 A.2d 476, 477 (1981).

■ The juvenile first argues that the Juvenile Court erred in admitting the deposition of Miles Guptill before the State established the corpus delicti of the juvenile crime of arson.[2] A person is guilty of arson if he "starts, causes, or maintains a fire . . . on the property of another with the intent to damage or destroy property thereon," 17–A M.R.S.A. § 802(1)(A) (1980).

The evidence shows that on June 26, 1980, shortly after 10:00 P.M. a fire occurred in Orono at a house owned by Edna Otto. The fire originated in a mattress stored in a second floor closet. McPeck, the State Fire Marshal, testified that the fire was of human origin. In arriving at this conclusion, McPeck considered and discounted other possible sources of the fire. He examined the light fixture in the closet and found no evidence indicating that the fire was electrical in origin. Edna Otto, owner and sole occupant of the house, testified that the only objects in the closet were a mattress and a chest of drawers. No flammable liquids were stored in the closet. On the night of the fire, Mrs. Otto locked the house doors and retired to bed at 10:00 P.M.

We conclude that the State adequately proved that someone started, caused, or maintained a fire at the Otto house with the intent to damage or destroy that property.

The juvenile next challenges the sufficiency of the evidence that he was the perpetrator of the arson. We find sufficient evidence. Miles Guptill testified as to the juvenile's statement that he and another person had gone to the apartment in the Otto house and lit the fire. The juvenile told Guptill that he put some cigarettes and matches on the mattress. At trial Peter Pickering recounted the juvenile's plea of "Don't hang me" in a conversation about the upcoming trial.

■ The juvenile also challenges the admission into evidence of the expert opinion of McPeck on two grounds. First, he challenges the qualification of McPeck as an expert. We review the trial court's ruling on the qualification of an expert only for an abuse of discretion. State v. Anderson, Me., 434 A.2d 6, 9 (1981). In the case before us we find no abuse of discretion. The experience, education, and training

1. See State v. Joey F., Me., 438 A.2d 1273 (1982).

2. Because the Juvenile Court correctly ruled that the State had established the corpus delicti before admitting the juvenile's inculpatory statements, we need not decide, and we intimate no opinion whatsoever, on the continued validity of the order-of-proof requirement subsequent to the promulgation of M.R.Evid. 611(a). See State v. Snow, Me., 438 A.2d 485, 487 n.2 (1981); R. Field & P. Murray, Maine Evidence § 611.1 at 154 (1976).

that McPeck received in fire investigation was sufficient for the Juvenile Court to conclude that he was qualified as an expert fire investigator.

■ As another point, and for the first time on appeal, the juvenile argues that McPeck's testimony should be excluded because his fire investigation was conducted after the second floor closet had been cleaned. We find no obvious error in the admission of this testimony. The court was aware of the basis of the opinion and could determine the weight to be given the opinion.

■ Finally, the State failed to disclose that one of its witnesses, Guy Carmel, had failed to identify the juvenile's photograph in a high school yearbook. The juvenile's attorney first learned of this failure to identify during trial. The State's failure to disclose was a violation of M.R.Crim.P. 16(a). *See State v. Bishop*, Me., 392 A.2d 20, 26 (1978). We review the court's choice of sanctions for an abuse of discretion. *State v. Hutchins*, Me., 433 A.2d 419, 421 (1981). Exclusion of evidence in the form of an in-court identification, rather than dismissal of the charge of arson, was not inappropriate. The choice of this sanction did not prejudice the juvenile's substantial rights. Any possible taint from the attempt at pretrial identification was removed by exclusion of the in-court identification.

The entry, therefore, is:

Appeal denied.

Judgment affirmed.

All concurring.