**STATE of Maine**

v.

**Kevin CURLEW.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1982.

Decided April 19, 1983.

---

**9.** 30 M.R.S.A. § 2752 (1978) specifically directs municipalities to regulate and license "victual-ers and innkeepers."

Charles K. Leadbetter, Asst. Atty. Gen. (orally), Augusta, Janet T. Mills, Dist. Atty., Auburn, for plaintiff.

Berman, Simmons, Laskoff & Goldberg, Jeffrey Rosenblatt (orally), Lewiston, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

ROBERTS, Justice.

Kevin Curlew appeals from a conviction in the Superior Court, Androscoggin County, upon an indictment charging that he subjected a male child to unlawful sexual contact in violation of 17–A M.R.S.A. § 255(1)(C) (1983).[1] The issues he raises all relate to the nature and validity of our corpus delicti rule. Because the State failed to present sufficient extrinsic evidence of the corpus delicti, we reverse the judgment of conviction.

### I.

The only evidence the State produced, other than statements made by the defendant, consisted of testimony from the father of the child. The father testified that on October 6, 1981, the day in question, his son was four years old. The father also stated that when he came home from work on that date, he saw ink "markings on his son's buttocks, legs, and in the groin area...." More specifically, the father testified that he saw the words "love it" written across the boy's buttocks and that he saw two circles containing smiles drawn on the boy's knees. He testified that two lines were

---

1. 17–A M.R.S.A. § 255(1)(C) provides in part:

    1. A person is guilty of unlawful sexual contact if he intentionally subjects another person, not his spouse, to any sexual contact, and

    . . . .

    C. The other person has not in fact attained his 14th birthday and the actor is at least 3 years older....

17–A M.R.S.A. § 251(1)(D) (1983) defines sexual contact as "any touching of the genitals, directly or through clothing, ... for the purpose of arousing or gratifying sexual desire."

drawn "coming down in the creases of his legs where it met his crotch." He stated, however, that neither line touched the penis and that he could not remember how far these lines were from the penis. He testified that he remembered a picture of a sun with rays and a snake with eyes but that he could not recall where the markings were located on the boy's body. Finally, according to the father, his residence is located within a few hundred feet of Kevin Curlew's home.

An Auburn police officer testified that on October 6, 1981, after speaking with the father of the child, he went to Kevin Curlew's home. The officer testified that he read the defendant the *Miranda* warnings and the defendant voluntarily chose to waive his rights. According to the officer, while talking with the defendant, the officer observed that the defendant appeared to be very excited and talkative. When the prosecutor asked the officer to tell the court what the defendant had said to him, defense counsel objected on the grounds that any statements were inadmissible until the State had established that a crime had in fact been committed. The objection was overruled.

The officer proceeded to testify that the defendant had stated that the child was at Curlew's home and that the boy and he, Curlew, were playing different types of army games. The officer testified that the defendant had told him that the boy and he, Curlew, then went into the bedroom where the defendant drew pictures of flowers, snakes, and smile figures on the boy and wrote "open me or something like baby bunt (phonetic) and he wrote it backwards." The officer testified that Curlew had told him that "because it was backwards you had to have a mirror to read it." According to the officer, the defendant had said that he had touched the boy's penis. Additionally, the officer testified that he "kept asking

[Curlew] why he did it" and the defendant "kept saying he wanted to get away from his mother." The officer also stated that "he kept saying that he wanted to do it because he wanted to go to prison so that he could learn a trade." The police officer testified further that prior to October 6 he had known Kevin Curlew, that Curlew was probably in his mid-twenties, and that the officer understood Curlew "to be a little bit slow."

After the State rested its case, defense counsel made a motion for judgment of acquittal but counsel did not renew the motion after the defense rested.[2] Subsequent to the trial, the defendant filed a motion for a new trial on the grounds that the State had failed to establish the corpus delicti prior to introducing the inculpatory statement made by the defendant. The justice found that

[i]n addition to the lines and the pictures that were drawn on the boy's buttocks and specifically the word "love it" on the boy's buttocks, and the pictures on his thighs. And from this I could only conclude that in the first place the little boy had his clothing on at the time he went with Mr. Curlew. The clothing was taken off. I think it is reasonable to conclude that either Mr. Curlew took that clothing off or assisted the little boy. In any event, whether he did or did not take the little boy's clothes off or assisted the little boy in taking his clothes off, the marker pen lines in the area of the genitals—that from that I could only conclude that the defendant had contact with the genitals of [the child] and his reason for doing so would be for sexual gratification.

The court, therefore, denied the motion.

## II.

In our analysis of the corpus delicti issue, we will discuss in part II that aspect

2. It appears that no evidence was presented by the defense upon the issue of guilt or innocence. Although the defendant had elected a bifurcated trial on his insanity plea, the court permitted counsel to put on second-stage witnesses during the first stage. Because no issue

is raised on appeal concerning rejection of the defense of insanity, that part of the testimony was not transcribed. The record before us reflects that witnesses for the defense, including the defendant, testified only as part of the second stage of the bifurcated trial.

of the rule which deals with the order of proof at trial (the evidence rule). In part III, we will consider that aspect of our corpus delicti rule which requires that the State prove the corpus delicti on the whole record exclusive of any confession or admission of the defendant (the substantive rule). Curlew asks that we determine the continued validity of the order-of-proof requirement of our corpus delicti rule following the promulgation of M.R.Evid. 611(a).[3] The impact of Rule 611(a) has not previously been decided. *See State v. Carmichael,* 444 A.2d 45, 48 n. 2 (Me.1982); *State v. Roy E.S.,* 440 A.2d 1025, 1029 (Me.1982) (citing Field and Murray, *Maine Evidence* § 611.1 at 154 (1976)); *State v. Snow,* 438 A.2d 485, 487 n. 2 (Me.1981) (citing Field & Murray, *supra,* at 154). To the extent that our comments have created doubts about the order-of-proof requirement, we now settle those doubts.

In *State v. Levesque,* 146 Me. 351, 81 A.2d 665 (1951), the first modern application of a corpus delicti rule appears.[4] We stated that "the weight of authority in this country, at least, appears to be from the decided cases that the corpus delicti cannot be established by the extra-judicial confession of the respondent unsupported by other evidence." 146 Me. at 358, 81 A.2d at 669. Subsequent decisions adopted the view that the "better practice," *State v. Grant,* 284 A.2d 674, 675 (Me.1971), or the "proper practice," *State v. Kelley,* 308 A.2d 877, 880 n. 4 (Me.1973), was to require proof of the corpus delicti *before* admitting in evidence a confession or admission of guilt.[5] A variety of reasons support the preferred practice. *Cf. State v. Davis,* 374 A.2d 322, 323 (Me.1977) (corpus delicti rule seeks to prevent conviction based on confession for crime not in fact committed); *State v. Lafferty,* 309 A.2d 647, 660 n. 6 (Me.1973) (function of judge to determine admissibility of confession under corpus delicti rule); *see generally State v. Collins,* 297 A.2d 620, 632–36 (Me.1972) (describing basis for requiring that trial judge rule on question of voluntariness). We still adhere to that preference.

Our review of prior Maine decisions, however, reveals that no conviction has been set aside for noncompliance with the order-of-proof requirement.[6] Maine case law, there-

---

**3.** M.R.Evid. 611(a) provides:

The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence on direct and cross-examination so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

**4.** Prior cases cited in *Levesque* either did not involve a classic application of the rule, *State v. Peterson,* 145 Me. 279, 75 A.2d 368 (1950), or involved a statement that the rule had been satisfied, *State v. Caliendo,* 136 Me. 169, 4 A.2d 837 (1939).

**5.** In *State v. Davis,* 374 A.2d 322, 323 (Me.1977), we stated that "the issue as to the sufficiency of the evidence of the corpus delicti, independently of confession, can be saved in any manner provided by the rules of criminal procedure for challenging the sufficiency of the evidence to justify a conviction," citing *State v. Hoffses,* 147 Me. 221, 224, 85 A.2d 919, 921 (1952). We held that an order-of-proof objection had not been preserved and that on an obvious error basis the corpus delicti had been "adequately established prior to the receipt into evidence of the confession...." *Davis,* 374 A.2d at 324.

**6.** *Carmichael,* 444 A.2d at 48 n. 2; *Roy E.S.,* 440 A.2d at 1027 n. 2; *Snow,* 438 A.2d at 487 n. 2; *State v. Bleyl,* 435 A.2d 1349, 1367 (Me.1981); *State v. Anderson,* 409 A.2d 1290, 1301 (Me.1979); *State v. Shanahan,* 404 A.2d 975, 981–82 (Me.1979); *State v. Ames,* 388 A.2d 94, 96 (Me.1978); *Davis,* 374 A.2d at 324; *State v. Sheehan,* 337 A.2d 253, 254 (Me.1975); *State v. Atkinson,* 325 A.2d 44, 46 (Me.1974); *Kelley,* 308 A.2d at 880; *Grant,* 284 A.2d at 675–76; *State v. Wardwell,* 158 Me. 307, 319–23, 183 A.2d 896, 903–05 (1962); *State v. Tripp,* 158 Me. 161, 167–68, 180 A.2d 601, 604–05 (1962).

Since *Levesque,* we have reversed a conviction for lack of sufficient evidence of the corpus delicti no more than twice. *State v. Lindsey,* 400 A.2d 368 (Me.1979); *cf. State v. Jones,* 150 Me. 242, 108 A.2d 261 (1954). Those cases involved the substantive rule rather than the evidence rule. *Lindsey,* 400 A.2d at 370; *Jones,* 150 Me. at 247, 108 A.2d at 264. Other cases arising under our prior appellate procedure and resulting in the granting of a new trial for lack of sufficient evidence of the corpus

fore, has not required adherence to an evidence rule inconsistent with M.R.Evid. 611(a) which leaves the order of proof within the sound judicial discretion of the trial judge. We now explain that the trial judge's discretion under M.R.Evid. 611(a) extends to the order-of-proof requirement of the corpus delicti rule. We further explain that the exercise of discretion under Rule 611(a) should be guided by a strong preference for proof of the corpus delicti prior to admitting in evidence a confession or admission of the defendant. In this case, the trial judge did not purport to alter the preferred order of proof. Rather he erroneously ruled that the State had presented sufficient evidence of the corpus delicti before it offered the defendant's statements in evidence.

### III.

■ We are convinced and indeed the State concedes that the defendant's motion for judgment of acquittal triggers an analysis of the State's substantive burden of proving the corpus delicti. That analysis should include (1) whether there is sufficient evidence of the corpus delicti exclusive of any admission or confession of the defendant and (2) whether there is sufficient evidence on the whole record to establish the corpus delicti beyond a reasonable doubt. Because we have determined that there is not sufficient evidence of the corpus delicti absent the defendant's confession, we need not determine whether on the whole record there is sufficient evidence to establish the corpus delicti beyond a reasonable doubt.

With the exception of Massachusetts,[7] every other state requires more than an extra-judicial confession from the defendant to support a conviction. All jurisdictions agree that the prosecution has the burden of proving the corpus delicti but confusion abounds on the exact nature and extent of that burden.[8] Some states follow the rule which requires proof independent of the confession to establish the corpus delicti; these states differ on the standard of such proof. *See State v. Webb,* 239 Iowa 693, 702, 31 N.W.2d 337, 342 (1948) (interpreting statute that requires other proof of corpus delicti besides confession; other proof must be "substantial" though not conclusive); *State v. Lung,* 70 Wash.2d 365, 371, 423 P.2d 72, 76 (1967) (requiring independent proof to establish "prima facie" corpus delicti). Other states require corroboration of the accuracy of an extra-judicial confession. *See State v. Pickard,* 104 N.H. 11, 12–13, 177 A.2d 401, 403 (1962) (confession must be corroborated by independent evidence); *State v. Blay,* 77 Vt. 56, 58, 58 A. 794, 795 (1922) (slight corroboration of confession may be sufficient to establish corpus delicti). Commentators have decried the confusion. *See* C. McCormick, *Law of Evidence,* § 111 at 230 n. 6 (1954); 7 J. Wigmore, *Evidence,* § 2071 at 511–24 (Chadbourn rev. 1978); Margolis, *Corpus Delicti: State of the Disunion,* 2 Suffolk U.L.Rev. 44, 52–55 (1968); Note, *Confession Corroboration in New York: A Replacement for the Corpus Delicti Rule,* 46 Fordham L.Rev. 1205, 1211–20 (1978) [hereinafter *Confession Corroboration*]; Note, *Proof of the Corpus Delicti Aliunde the Defendant's Confession,* 103 U.Pa.L.Rev. 638, 656–67 (1955).

delicti also represent the application of the substantive rule. *State v. McPhee,* 151 Me. 62, 67, 115 A.2d 498, 501 (1955); *State v. Carleton,* 148 Me. 237, 243, 92 A.2d 327, 330 (1952); *Levesque,* 146 Me. at 359, 81 A.2d at 669.

7. *Commonwealth v. Kimball,* 321 Mass. 290, 73 N.E.2d 468 (1947); *accord Commonwealth v. Fiore,* 364 Mass. 819, 825, 308 N.E.2d 902, 906 (1974); *Commonwealth v. Machado,* 339 Mass. 713, 715, 162 N.E.2d 71, 73 (1959).

8. Oklahoma law once provided that a confession or admission of a defendant was inadmis-

sible to prove the corpus delicti. *Hall v. State,* 538 P.2d 1113, 1117 (Okl.Cr.App.1975). In *Jones v. State,* 555 P.2d 63, 68 (Okl.Cr.App. 1976), the Oklahoma Appeals Court overruled *Hall* and adopted the rule that independent corroborative evidence must be sufficient to establish corpus delicti, although not beyond a reasonable doubt, and to establish the trustworthiness of the confession. *See Opper v. United States,* 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101, 108–09 (1954).

■ Regardless of differences in formulation, we have consistently applied the same substantive rule for at least the past twenty years. Our rule requires the State to produce, exclusive of any confession or admission of the defendant, such credible evidence as will create a substantial belief that the crime charged has been committed by some person. *See Grant,* 284 A.2d at 676. The trial judge is to evaluate the evidence. *Kelley,* 308 A.2d at 885; *see also Lafferty,* 309 A.2d at 660 n. 6. The degree of proof of the corpus delicti exclusive of the defendant's statements need not be beyond a reasonable doubt but resembles the probable cause standard. *State v. Ames,* 388 A.2d 94, 96 (Me.1978); *State v. Atkinson,* 325 A.2d 44, 45 n. 1 (Me.1974).[9]

We examine the evidence in this case with reference to the rule in Maine that we have described. Without consideration in any way of the defendant's admissions, the State must introduce sufficient evidence to warrant a substantial belief that someone committed the offense of unlawful sexual contact upon the person named in the indictment. 17–A M.R.S.A. § 255.[10] On this record, proof of the corpus delicti exclusive of the defendant's admission consists of the following evidence: First, on October 6, 1981, the defendant lived near a four-year-old male child. Second, when the child's father returned home from work, he observed markings in ink on the boy's body. Third, these markings included a picture of the sun and a snake and of two circles containing smiles on the boy's knees, the words "love it" on the boy's buttocks, and two lines "coming down in the creases of his legs where it met his crotch." Fourth, the child's father could not remember how far the lines were from the boy's genitals.

■ The offense of unlawful sexual contact requires proof of a touching of the genitals. The State presented no direct evidence of any contact with the boy's genitals. The record is devoid of even indirect evidence of the circumstances under which the markings were made which might permit an inference of a touching of the genitals.[11] Although we recognize that "state of mind" is not a necessary element of our substantive corpus delicti rule, *State v. Anderson,* 409 A.2d 1290, 1301 (Me.1979), evidence of a sexual motivation might warrant an inference that a touching of the genitals occurred. There is no such evidence in the record before us.

We cannot conclude from the markings alone, without any evidence of attendant circumstances, that any crime was committed. By our traditional standard, the evidence of the corpus delicti is insufficient. Because the State has not sustained its burden of proof, we must direct that the judgment herein be set aside and that a judgment of acquittal be entered. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

The entry is:

Judgment reversed.

Remanded to the Superior Court for entry of a judgment of acquittal.

All concurring.

---

9. We recognize that some courts and commentators have questioned the validity and necessity of the traditional corpus delicti requirements. *See State v. Ralston,* 67 Ohio App.2d 81, 425 N.E.2d 916 (1979); Note, *Confession Corroboration,* 46 Fordham L.Rev. 1205; Note, *California's Corpus Delicti Rule: The Case For Review And Clarification,* 20 U.C.L.A.L.Rev. 1015 (1973). In this case, the State contends that the traditional requirements have been met.

10. *See supra* note 1.

11. When ruling on Curlew's motion for a new trial, the trial judge may have been influenced by information not present in the first-stage record. No evidence, exclusive of the defendant's admissions, had been presented concerning the child's clothing or concerning "the time he went with Mr. Curlew."