STATE of Maine

v.

**Michael CHABOT.**

Supreme Judicial Court of Maine.

Argued June 5, 1984.

Decided Aug. 6, 1984.

Janet T. Mills, Dist. Atty., Mark A. Beede, Asst. Dist. Atty. (orally), Auburn, for plaintiff.

Berman, Simmons & Goldberg, P.A., P. Jane Andrews (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Michael Chabot appeals from his conviction in Superior Court (Androscoggin County), following a jury trial, of attempted gross sexual misconduct, 17–A M.R.S.A. §§ 152, 253(2)(C). On appeal Chabot contends, *inter alia*, (1) that the presiding justice erred in his application of the corpus delicti rule; and (2) that the evidence was insufficient to support his conviction. We affirm the judgment.

Michael Chabot was employed as a nurse's aide at Montello Manor, a nursing home in Lewiston. On October 16, 1982, he was alone in the room of an elderly female patient for the ostensible purpose of giving that patient a bath. The curtains around the bed were drawn, the screen separating the patient's bed from that of another patient was also drawn, and the door to the room was closed. Penny Courchesne, another nurse's aide, entered the room in search of Chabot. Upon opening the curtains, she saw Chabot standing over the patient with his trousers unzipped and his testicles and erect penis exposed. The patient, who suffered from an organic brain disease, was lying in a V position with her buttocks exposed. The railing to the bed was down. Chabot appeared to be gazing down at the patient, and had one hand on

or near her breasts and the other on her thigh.

Upon seeing Courchesne, Chabot begged her not to tell anyone of the incident, and stated that he had had his heart broken a number of times, that he "hadn't had it in a long time," and that he "needed it." Courchesne informed her supervisor of the incident, and the supervisor told Chabot he would have to leave, but that he could return the following Monday to discuss the situation with another supervisor. Chabot left, but did not return to the Manor. He was subsequently indicted for gross sexual misconduct, 17–A M.R.S.A. § 253(2)(C).[1] At the close of his jury trial, the court indicated that the evidence warranted an instruction on attempt. Accordingly, the jury was instructed as to the elements of attempt, 17–A M.R.S.A. § 152[2], in addition to the elements of the offense charged. The jury found Chabot guilty of attempted gross sexual misconduct.

## I.

■ In *State v. Curlew*, 459 A.2d 160 (Me.1983), we noted two rules that are embodied in the corpus delicti requirement: the order-of-proof, or evidentiary, rule, and the substantive rule. The substantive rule may be further broken down to include "(1) whether there is sufficient evidence of the corpus delicti exclusive of any admission or confession of the defendant and (2) whether there is sufficient evidence on the whole record to establish the corpus delicti beyond a reasonable doubt." *Curlew*, 459 A.2d at 164. Chabot contends that the presiding justice erred in his application of the first requirement under the substantive corpus delicti rule. In the circumstances of this case, we need review the court's application of this rule only with reference to the offense of attempted gross sexual misconduct.

In *Curlew* we observed that

[o]ur rule requires the State to produce, exclusive of any confession or admission of the defendant, such credible evidence as will create a substantial belief that the crime charged has been committed by some person. The trial judge is to evaluate the evidence. The degree of proof of the corpus delicti exclusive of the defendant's statements need not be beyond a reasonable doubt but resembles the probable cause standard.

459 A.2d at 165 (citations omitted); *State v. Rowe*, 479 A.2d 1296, —— —— (Me.1984). In the case at bar evidence of the corpus delicti, exclusive of Chabot's own inculpatory remarks consisted of the following. There was testimony that the victim was lying on her side in a V position, with her buttocks exposed, and that the railing to the bed was down. The defendant was described as standing next to the victim, with his hands touching various parts of her body, and with his erect penis close to her buttocks. The victim was described as being a "total care" patient, "confused, disoriented," and "like a little baby." After carefully reviewing the record, we find that the evidence, exclusive of the defendant's own inculpatory statements, was sufficient

---

**1.** Section 253(2)(C) provides that "[a] person is guilty of gross sexual misconduct ... [i]f he engages in sexual intercourse or a sexual act with another person, not his spouse, and ... [t]he other person suffers from mental disability that is reasonably apparent or known to the actor, and which in fact renders the other substantially incapable of appraising the nature of the contact involved ...." 17–A M.R.S.A. § 253(2)(C) (1983).

**2.** Section 152 provides, in relevant part, that "[a] person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, he engages in conduct which, in fact, constitutes a substantial step toward its commission. A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.... An indictment, information or complaint, or count thereof, charging the commission of a crime under chapters 9 through 45, or a crime outside this code shall be deemed to charge the commission of the attempt to commit that crime and shall not be deemed duplicitous thereby." 17–A M.R.S.A. § 152(1) & (3–A) (1983).

to generate a substantial belief that the crime of attempted gross sexual misconduct had occurred. Consequently, we find no error in the court's application of the corpus delicti rule.

## II.

██ Chabot maintains that the evidence, especially with regard to his own awareness of the victim's disability, was insufficient to support his conviction. On appeal, we review such evidence in the light most favorable to the State, and will overturn the conviction only if no trier of fact could rationally have found proof of the defendant's guilt beyond a reasonable doubt. *State v. Atkinson,* 458 A.2d 1200, 1205 (Me.1983); *State v. Joy,* 452 A.2d 408, 412 (Me.1982). 17–A M.R.S.A. § 253(2)(C) provides that the victim must suffer from "mental disability that is reasonably apparent or known to the actor which in fact renders the [victim] substantially incapable of appraising the nature of the contact involved ..." (emphasis added). Thus, the statute allows, in the alternative, either a subjective awareness or an objective manifestation of the required disability.

In addition to the evidence previously cited, Chabot testified that "I covered up [the victim's] head, I knew I was going to be shifting my erection. I covered her head just in case she could turn around." This testimony, when added to his position as a nurse's aide at the home and his frequent contact with the patients there, would have permitted the jury to infer a subjective awareness on his part of the victim's condition. Moreover, a licensed practical nurse employed at the Manor testified that, in her opinion, the victim's condition would be apparent to an individual who simply "walked in off the street," and the victim's personal physician testified that her condition would be "obvious" to anyone who observed her. This constitutes sufficient evidence from which a jury could infer an objective manifestation of the disability. Taken together with the evidence previously cited, and viewed in the light most favorable to the State, we conclude there was sufficient evidence to support Chabot's conviction of attempted gross sexual misconduct beyond a reasonable doubt.

The other issue raised on this appeal is also without merit, and need not be addressed.

The entry is:

Judgment affirmed.

All concurring.