STATE OF MAINE
AROOSTOOK, ss.

SUPERIOR COURT
LOCATION: Caribou
Docket No. CARSC-CV-2020-019

Eastern Alliance Insurance )
Company on behalf of Joel )
Jantzen, minor )
                Plaintiff )
v. )
 )
 )
 )
Harold Haines, Inc., d/b/a Haines )
Manufacturing Co., Inc.., )
              Defendant )

ORDER ON MOTIONS
IN LIMINE, MOTION
FOR LEAVE TO AMEND
and
PROCEDURAL ORDER

Currently pending before the Court are five (5) Motions in Limine filed by the Plaintiff that were contested. The Court has reviewed the motions, the objections, the replies, and considered the arguments of counsel presented at the Zoom hearing on March 3, 2022. The Court has deferred ruling on the motions due to the Plaintiff's representation at hearing that Plaintiff would be seeking leave to amend the complaint to remove Count 2, the negligence claim, as this would impact the Court's decision on some of the motions in Limine

Plaintiff filed a motion for leave of court to amend complaint on March 28, 2022. Defendant filed an objection to Plaintiff's motion for leave of court to amend complaint on April 13, 2022. The Court has determined that no hearing is necessary on the motion for leave. The Court issues the following orders related to the Motions in Limine and Motion for Leave to Amend Complaint:

1. *Plaintiff's Motion for Leave of Court to Amend Complaint.* **MOTION GRANTED.** As an answer has been filed to the First Amended Complaint and there is no consent by Defendant for an amendment to the pleadings, Plaintiff may amend his pleading "only by leave of court . . . and leave shall be freely given when justice so requires." *M.R.Civ.P. 15(a).* Plaintiff is seeking to constrict the issues

in dispute rather than expand them. Defendant shall have thirty (30) days from the docketing of this order to file a responsive pleading to the Plaintiff's Second Amended Complaint.

2. *Plaintiff's Motion in Limine to Prelude reference to Eastern Alliance Insurance Company.* **MOTION GRANTED, subject to reconsideration based upon the evidence presented at trial**. The Court is not convinced on this record that the role of the insurance company is relevant to the task to be completed by the jury. The court further finds the rationale for the exclusion of references to an insurance company participation for a defendant is also applicable for an insurance company that participates in the name of the injured party.

3. *Plaintiff's Motion to Exclude Bradstreet Family Farms from the verdict form.* **MOTION GRANTED**. As Bradstreet Family Farms is not a party, the jury in its work with the verdict form must make determinations regarding liability and damages as to the parties to this litigation only.

4. *Plaintiff's Motion to Exclude evidence of fault on the part of Joel Jantzen.* **MOTION GRANTED, in part**. Defendant will be prohibited from arguing to the jury that Jantzen was negligent because he failed to discover the defect in the bulk body or to guard against the possibility of its existence. *Austin v. Raybestos-Manhattan, Inc.*, 471 A.2d 280, 286, (Me. 1984). The jury will be permitted to hear the evidence as to what occurred before, during, and after the accident for context and a chronological narrative of the events. The manner in which the machine was used must be considered by the jury. The jury must determine whether Jantzen's use was reasonably foreseeable. See, Alexander, *Maine Jury Instruction Manual*, § 7-25 (2021). The foregoing notwithstanding, in the event Defendant produces evidence to support the contention that Jantzen was aware of the defect and encountered that risk regardless of the defect,

Defendant will be allowed to present such evidence and to make that argument. *See, Id.*

5. Plaintiff's Motion to Exclude evidence of conduct of Jantzen's employer, Bradstreet Family Farms. **MOTION GRANTED, in part.** Defendant will be prohibited from arguing to the jury that Bradstreet Family Farms was negligent because it failed to discover the defect in the bulk body or to guard against the possibility of its existence. *Austin v. Raybestos-Manhattan, Inc.*, 471 A.2d 280, 286, (Me. 1984). The jury will be permitted to hear the evidence as to what occurred before, during, and after the accident for context and a chronological narrative of the events. As noted above, evidence regarding the manner in which the machine was used at the time of the incident will also be permitted.

6. *Plaintiff's Motion to Exclude Testimony of the Designated Expert.* Voir Dire of this witness will be necessary to allow the court to rule on Plaintiff's Motion. The Clerk shall coordinate with counsel to schedule a ZOOM Voir Dire hearing with Perlmutter. **Clerk to schedule and send notice.**

The clerk is instructed to incorporate this Order by reference into the docket pursuant to M.R.CIV.P. 79(a).

Dated: 4/25/2022

Justice, Maine Superior Court

ENTERED ON THE DOCKET 4-25-22

STATE OF MAINE
AROOSTOOK, ss.

SUPERIOR COURT
LOCATION: Caribou
Docket No. CARSC-CV-2020-019

Eastern Alliance Insurance Company )
On behalf of Joel Jantzen, Minor )
                          Plaintiff )
v. )
                                 )
Harold Hanes, Inc., d/b/a )
Haines Manufacturing Co., Inc., )
                     Defendant )

ORDER ON DEFENDANT'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT

Currently pending is Defendant's Motion for Partial Summary Judgment. Plaintiff has filed an objection to the motion with additional material facts. Defendant thereafter filed a reply memorandum to the objection submitted by Plaintiff. After review of the motion, objection, and reply, the court enters the following order:

## BACKGROUND

Joel Jantzen (hereinafter "Joel") suffered an injury to his right forearm and hand on August 28, 2018, when his appendage was crushed while working with machinery known as a "bulk body" for his employer Bradstreet Family Farms (hereinafter "Bradstreet"). *DSMF at 1; POSMF at 1.* Joel was 14 at the time of the accident and is now 16 [years old]. *DSMF at 2; POSMF at 2.*

Eastern Alliance Insurance Company (hereinafter "Eastern Alliance") was Bradstreet's workers' compensation insurance carrier. *DSMF at 3; POSMF at 3.* Eastern Alliance has paid over $1,000,000 in workers' compensation medical benefits on behalf of

Joel. *DSMF at 4; POSMF at 4.* Eastern Alliance alleges that the Defendant (hereinafter "Haines") negligently manufactured the bulk body, that the bulk body sold by Haines was defective and unreasonably dangerous, and that Joel's injuries were caused by these faults. *DSMF at 5; POSMF at 5.*

Eastern Alliance alleges that it sent a letter dated August 7, 2019, to Joel's parents, Shari and Kale, and after that, a letter to Joel dated December 10, 2019. *DSMF at 6; POSMF at 6.* The letter to Joel's parents specifically identified Joel's parents as his "parents" and "guardians." *DSMF at 7; POSMF at 7.* The letter to Joel's parents says that if they do not initiate an action within 30 days against a third party for damages sustained by Joel in the accident, "your son's right of action will be assigned to Eastern Alliance Insurance," and the letter to Joel says that if "you still choose to not initiate an action within the next thirty (30) days [against a third party for recovery of your damages sustained in the accident], your rights of action will be assigned to Eastern Alliance Insurance." *DSMF at 8; POSMF at 8.* Both letters say they are written "in accordance with the provisions of 39-A M.R.S. §107." *DSMF at 9; POSMF at 9.*

Eastern Alliance caused the Complaint to be filed in this case dated February 6, 2020, stating in the caption that the "Plaintiff" is "Joel Jantzen, minor," and in the signature line that Attorney Black, who signed the Complaint, is the "Attorney for Plaintiff." *DSMF at 14; POSMF at 14.* Eastern Alliance then amended the Complaint to assert that it was suing on behalf of Joel, and in the signature line the First Amended Complaint states that Attorney Black is the "Attorney for Eastern Alliance Insurance Company, suing in the name of Joel Jantzen, minor." *DSMF at 15; POSMF at 15.* As of

now, the Plaintiff in this case intends on seeking damages not just for Eastern Alliance's own damages, but rather, also for Joel Jantzen's damages for things like his pain and suffering, far in excess of the workers' compensation benefits paid and payable by Eastern Alliance. *DSMF at 16; POSMF at 16.*

### Standard of Review

Summary judgment is appropriate when "the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "'A material fact is one that could potentially affect the outcome of the suit,' and '[a] genuine issue of material fact exists when the evidence requires a fact-finder to choose between competing versions of the truth.' *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504.'" *Scott v. Fall Line Condo. Ass'n*, 2019 ME 50, P5. The facts must be considered in the light most favorable to the non-moving party. *Mahar v. StoneWood Transport*, 2003 ME 63 ¶8, 823 A.2d 540. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant.

Haines is essentially seeking two things: (1) a determination that Eastern Alliance is not permitted to sue as Joel's representative or "on behalf of" Joel, and (2) a determination that 39-A M.R.S. §107 is unconstitutional as applied to this case, in the event Eastern Alliance is permitted to pursue damages beyond the benefits paid out by Eastern Alliance. There are no material facts in dispute as it relates to facts necessary for the court to address Haines's Motion for Partial Summary Judgment.

"Generally, a litigant cannot assert the constitutional rights of a third party. See, *State v. York*, 1997 ME 209, P6, 704 A.2d 324, 325-26 (witness subpoenaed by government

could not challenge validity of subpoena by arguing that defendant in original trial lacked comparable subpoena powers); *Brann v. State*, 424 A.2d 699, 702 (Me. 1981) ('One who attacks the constitutionality of a legislative act must be actually deprived of a constitutional right by that legislation.'). We summarized the reasons for this prohibition in *Common Cause v. State*, 455 A.2d 1:

> That long-standing rule is based on three considerations: first, if the holders of those rights either did not wish to assert them or could enjoy them regardless of the success of the in-court litigant, the court would adjudicate the rights unnecessarily. Also, the "thrust" or timing of the action in which the rights of the third party are raised, or the choice of forum, may conflict seriously with the third party's underlying interest. Finally, third parties are usually the best proponents of their own rights."

*In re Bailey M.*, 2002 ME 12, P10, 788 A.2d 590, 594-595, *see also* FN6.

The Law Court noted in *Common Cause v. State* that a party can assert the constitutional rights of third parties in only three situations: (1) the constitutional claims would otherwise be denied a judicial forum, (2) the rights of the third parties would be impaired if they were forced to assert the rights themselves, or (3) the litigant is in a special relationship with the party whose rights are being asserted. *See, Common Cause v. State*, 455 A.2d 1, 7 (Me. 1983)(summarizing and following United States Supreme Court precedent).

Haines is seeking to raise a constitutional challenge on behalf of Joel. Haines does not have a special relationship with Joel. Joel's parents, on his behalf or as his next friend, could assert any such claim. There is no dispute that both Joel and his father have participated in this case. *See, DMSJ Ex.1 and Ex. 6.* There is no suggestion that his rights would be impaired if Joel and his parents were forced to assert the rights themselves. Haines lacks standing to raise any issue related to the constitutionality of 39-A M.R.S. §107 on behalf of Joel. As such, the reasoning behind Joel's and his family's decision to forego

seeking recovery against an alleged third-party tortfeasor is not before the court. The only fact of consequence at this point in the proceeding is that he and his family have failed to "pursue the remedy against the 3rd party within 30 days after written demand by the employer." *39-A M.R.S. §107.* Therefore, the court focuses its attention on the Motion for Partial Summary Judgment as it relates to the claims that Eastern Alliance does not have authority to sue on behalf of Joel Jantzen and that the damages that are recoverable by Eastern Alliance are limited to funds paid or payable.

Joel is a minor and therefore, to pursue a claim, as a general rule his claim must be prosecuted by his parent or next friend. *See, M.R.CIV.P. 17(b)*; Charles Harvey, 2 *Maine Civil Practice* §17:5, p.541 (2014-15 ed.). As the parent and natural guardian of Joel, his parents had to make certain decisions on his behalf as to how to proceed. One decision made was to access benefits of the workers' compensation insurance coverage provided by Bradstreet. This decision brought the statutory framework related to Maine Workers' Compensation Act into play. *39-A M.R.S. §101, et. seq.*

Nearly a year after the incident, both Joel and his parents were made aware of Eastern Alliance's intention to attempt to enforce liability for Joel's injury against a third party. Although the notice provided to Joel and his parents did not recite the language included in the statute and was further explained in terms of an "assignment" rather than "subrogation", the notice made clear that if Joel and his parents did not initiate an action against the manufacturer of the conveyor within thirty days, Eastern Alliance intended to initiate such an action.

Pursuant to 39-A M.R.S. §107, in the event an employee does not "pursue the remedy against the 3rd party within 30 days after written demand by the employer[1], the employer is subrogated to the rights of the injured party and is entitled to enforce liability in its own name *or* in the name of the injured party, the accounting for the proceeds to be made on the basis provided." (*Emphasis added*). Subrogation is defined as "the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." *BLACK'S LAW DICTIONARY* 1427 (6th ed. 1990).

Joel and his family did not initiate an action against Haines. In accordance with 39-A M.R.S. §107, Eastern Alliance was therefore empowered to proceed against Haines "in the name of" the injured party, Joel. Eastern Alliance succeeded to the rights of Joel in relation to any claim against Haines, including any available remedies related thereto. Eastern Alliance has filed such a claim on behalf of Joel. *See also, Ballentine's Law Dictionary* (2010)("Behalf – In the name of; on account of; for the benefit, advantage, interest, profit, or vindication of.").

The court finds no conflict between Rule 17(b) and §107 in this case. *M.R.CIV.P. 17(b); 39-A M.R.S. §107*. Had Joel's parents sought to proceed against Haines, Rule 17(b) would be applicable. As they have elected not to do so, Eastern Alliance may pursue such a claim and §107 is applicable. *Id.*

---

[1] *39-A M.R.S. §102(12)*(If the employer is insured, "employer" includes the insurer, self-insurer or group self-insurer unless the contrary intent is apparent from the context or is inconsistent with the purposes of this Act.).

Just as 39-A M.R.S. §107 permits Eastern Alliance to pursue the claim in the name of the injured party, its provisions further reflect an ability to obtain a full recovery for all damages regardless of who brings the action. To interpret 39-A M.R.S. §107 to limit the recovery by an insurer to only what the insurer paid out or had become liable would be inconsistent with the language set forth in the final paragraph of §107. The statute is specifically designed to provide structure and directives as to the allocation of the proceeds in any such case that the recovery by the insurer exceeds the "compensation and benefits paid or for which the employer has become liable." *Id.*

Based upon the foregoing analysis and determinations made therein, Plaintiff's Motion for Summary Judgment is hereby **DENIED**.

The Clerk is directed to enter this Order on the Docket by notation, incorporating it be reference.

Dated: 8/6/21

Justice, Maine Superior Court

ENTERED ON THE DOCKET 8-21-21